UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **CARL RAY EVANOFF,** | |
| **Plaintiff,** | |
| v. | **CAUSE NO. 1:24-CV-283-JTM-JEM** |
| **BRADY THOMAS, et al.,** | |
| **Defendants.** | |

**OPINION and ORDER**

Carl Ray Evanoff filed a civil rights complaint against six defendants alleging he was subjected to excessive force when he was housed at the DeKalb County Jail.[1] (DE # 6.) "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Evanoff states that on April 24, 2024, at about 10:30 a.m., while he was on a video visit with his fiancé in Dekalb County Jail's satellite observation room, he had a medical emergency. (DE # 6 at 2.) He tapped on a window in the room to get Officer B. Miller's

---

[1] Evanoff filed his complaint without the benefit of counsel, but he is now represented by an attorney.

attention because he could see him through the window, but Officer Miller ignored him. *Id*. Ten minutes later, Officer Miller, Jail Commander Jared Urlick, and Officer B. Christian turned off the video visit and told him the jail was being locked down. *Id*. However, Evanoff told them he has hypoglycemia and was feeling sick, which was causing him to sweat and shake. *Id*. Evanoff's arm was broken, and Officer Christian grabbed Evanoff by his broken arm, but Evanoff pulled away from him. *Id*. Commander Urlick then grabbed Evanoff from behind and held him in a choke hold. *Id*. Officer Miller and Officer Christian next grabbed both of Evanoff's arms. *Id*. Evanoff fell to the ground because he had lost consciousness. *Id*. Commander Urlick next directed Officer Miller to tase Evanoff. *Id*. Officer Miller placed the taser near Evanoff's rectum and deployed it burning his genitals and anus. *Id.* at 2-3. Commander Urlick then told Evanoff that he was "not getting s\*\*\*" and he does not give a "f\*\*\*" about what Evanoff says he needs. *Id*. at 3. Shortly thereafter, Evanoff was escorted to cell G 41 where Commander Urlick choked him again, told him he was going to kill him, and would punch him in the face if he moved. *Id*.

Evanoff states that following the April 24, 2024, incident, Commander Urlick and DeKalb County Deputy Bullman met with him in his cell. *Id*. He asserts they threatened him by telling him he would be placed in maximum security and would lose privileges if he kept making "waves" about the incident. *Id*. Despite the alleged threats, Evanoff filed grievances and a Prison Rape Elimination Act complaint about the incident, but Commander Urlick denied the incident took place. *Id*. at 3-4. He also wrote to DeKalb County Superior Court Judge Adam Squiller requesting a transfer to the Indiana

2

Department of Correction ("IDOC"), but his request was denied. *Id*. at 4. Furthermore, Evanoff wrote to his public defender, who did not respond to him. *Id*.

Under the Eighth Amendment, inmates cannot be subjected to excessive force. The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (quotation marks omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id*. Here, additional fact-finding may demonstrate that the force used against Evanoff was not excessive but, giving him the inferences to which he is entitled at this stage of the case, he has stated excessive force claims against Commander Urlick, Officer Miller, and Officer Christian.

Evanoff has also named DeKalb County Sheriff Brady Thomas as a defendant. However, the sheriff cannot be held liable under 42 U.S.C. § 1983 for his employees' actions just because he oversees the jail. *See Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018); *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). Instead, he must have some personal involvement in the events. *See Doe v. Purdue Univ.*, 928 F.3d 652, 664 (7th Cir. 2019) (discussing standard for supervisory liability under § 1983). Because there is no basis in the complaint to infer Sheriff Thomas was personally involved in the alleged use of force, he will be dismissed.

Nor can Evanoff proceed against the Mayor of Auburn, Indiana. Here, he has not explained what role, if any, the Mayor of Auburn played in the April 24, 2024, incident. *Palmer v. Marion Cty.*, 327 F.3d 588, 594 (7th Cir. 2003) (citations omitted) (§ 1983 lawsuit requires "personal involvement in the alleged constitutional deprivation to support a viable claim"). Therefore, he may not proceed against the Mayor of Auburn.

Finally, Evanoff has named Judge Squiller as a defendant because he denied his request to be transferred to the IDOC. "A judge has absolute immunity for any judicial actions unless the judge acted in absence of all jurisdiction." *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). Therefore, Evanoff cannot proceed against Judge Squiller.

For these reasons, the court:

(1) **GRANTS** Carl Ray Evanoff leave to proceed against Jail Commander Jared Urlick, Officer B. Miller, and Officer B. Christian in their individual capacities for compensatory and punitive damages for using excessive force against him on April 24, 2024, in violation of the Eighth Amendment;

(2) **DISMISSES** all other claims;

(3) **DISMISSES** Sheriff Brady Thomas, Mayor of Auburn, In, and Judge Adam Squiller;

4

(4) **DIRECTS** the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Jail Commander Jared Urlick, Officer B. Miller, and Officer B. Christian at the Dekalb County Jail with a copy of this order and the complaint (DE # 6);

(5) **ORDERS** the DeKalb County Sheriff's Office to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) **ORDERS**, under 42 U.S.C. § 1997e(g)(2), Jail Commander Jared Urlick, Officer B. Miller, and Officer B. Christian to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

**SO ORDERED.**

Date: December 2, 2024

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT