UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

CARL RAY EVANOFF,

    Plaintiff,

        v.                              CAUSE NO. 1:24-CV-283-JTM-JEM

JARED URLICK, B. MILLER and B.
CHRISTIAN,

    Defendants.

OPINION and ORDER

Carl Ray Evanoff, who is now proceeding without counsel, filed a second amended complaint.[1] (DE # 20.) Under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Evanoff alleges that on April 24, 2024, he "was an inmate serving a sentence at the DeKalb County Jail" when "he began to experience symptoms of low blood sugar and high blood pressure which included, but were not limited to, extreme sweating, facial numbness, and numbness in his hands." (DE # 20 ¶¶ 4, 9.) Moments later, Jail Commander Jared Urlick, Officer B. Miller, and Officer Christian approached him and

---

[1] Evanoff was unrepresented when he filed this case. (DE # 1.) He personally filed an amended complaint which the court screened. (DE ## 6, 18.) Counsel entered an appearance and filed the second amended complaint which is being screened in this opinion. (DE # 20.) Plaintiff's counsel withdrew. (DE # 32.) Evanoff is again proceeding without counsel. (DE # 33.)

told him he was going to lockdown. (*Id*. ¶¶ 12, 13.) "At that time Carl requested emergency medical evaluation and care[.]" (*Id*. ¶ 14.) Commander Urlick refused, "jumped on Carl's back and placed him in a choke hold making it difficult for Carl to breathe." (*Id*. ¶¶ 15, 16.) "Officer Miller then grabbed and pulled on Carl's right arm which Miller knew had previously been broken, causing Carl severe pain." (*Id*. ¶ 17.) "Officer Christian then grabbed Carl's left arm." (*Id*. ¶ 18.) The Defendant Jail Officers and Jail Commander Urlick then pushed Carl to the ground." (*Id*. ¶ 19.) "Carl continued to ask for medical assistance." (*Id*. ¶ 22.) "Jail Commander Urlick then directed the Defendant Miller to 'dry tase' Carl. (*Id*. ¶ 24.) "Officer Miller then placed the taser near Carl's rectum and deployed the taser, shocking and burning Carl's genitals and anus." (*Id*. ¶ 25.) "Shortly after the above incident, Carl was escorted to cell G41 where Jail Commander Urlick once again choked Carl, telling him that he was going to kill him and would punch him in the face if he moved." (*Id*. ¶ 26.)

Evanoff raises two claims. First, he alleges the defendants subjected him to excessive force. (*Id*. ¶ 33.) Under the Eighth Amendment, inmates cannot be subjected to excessive force. The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (quotation marks omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* Here, additional fact-finding may demonstrate that the force used against Evanoff

was not excessive, but, giving him the inferences to which he is entitled at this stage of the case, he has stated excessive force claims against Commander Urlick, Officer Miller, and Officer Christian.

Second, he alleges the "[d]efendants also were deliberately indifferent to Carl's need for medical treatment and failed to provide such care for the serious medical condition brought about by his hypoglycemic and high blood pressure episode on April 24, 2024[.]" (DE # 20 ¶ 35.) To prevail on an Eighth Amendment claim for a denial of medical treatment against non-medical staff, Evanoff must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means the defendant "acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quotation marks and brackets omitted).

Here, there is no allegation that Evanoff told the defendants anything other than that he needed medical attention. That alone is insufficient to show the defendants knew he had a serious medical need or that he was at serious risk of being harmed. The only observable symptom he alleges is sweating, but extreme sweating combined with

his request for medical assistance is not enough to plausibly infer that they knew he had a serious medical need or that he was at serious risk of being harmed. He alleges he had low blood sugar, high blood pressure, and numbness, but those are not symptoms defendants could have perceived independently.

A complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original). The second amended complaint does not state a claim for a denial of medical treatment.

4

For these reasons, the court:

(1) **GRANTS** Carl Ray Evanoff leave to proceed against Jail Commander Jared Urlick, Officer B. Miller, and Officer B. Christian in their individual capacities for compensatory and punitive damages for using excessive force against him on April 24, 2024, in violation of the Eighth Amendment;

(2) **DISMISSES** all other claims;

(3) **LIFTS** the Stay; and

(4) **ORDERS**, under 42 U.S.C. § 1997e(g)(2), Jail Commander Jared Urlick, Officer B. Miller, and Officer B. Christian to respond by **April 18, 2025**, under Federal Rules of Civil Procedure 7(a)(2), 12, 15(a)(3), and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

**SO ORDERED.**

Date: April 2, 2025

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT

5